AO 241 (Rev. 09/17)

Case No. 3:21-cv-108-BJB

# Petition for Relief From a Conviction or Sentence By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ ________ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **<u>CAUTION:</u> You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: Western District of Kentucky - at Louisville |
|---|---|
| Name (under which you were convicted):<br>Wesly S. Anglin | Docket or Case No.: |
| Place of Confinement :<br>Bell County Forestry Camp, 560 Correctional Drv, Pineville, KY 40977 | Prisoner No.:<br>PID/DOC: 260018 / 228919 |
| Petitioner (include the name under which you were convicted)<br>WESLEY S. ANGLIN    v. | Respondent (authorized person having custody of petitioner)<br>COMMONWEALTH OF KENTUCKY<br>dba Bell Couty Forestry Camp &<br>Hon. Brandy Harm, Warden |
| The Attorney General of the State of: KENTUCKY (Hon. Danel Cameron), 700 Capitol Drive, Ste 118, Frankfort, KY | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Breckinridge County Circit Court
   208 South Main Street, Ste 112
   Hardinsburg, Kentucky 40143

   (b) Criminal docket or case number (if you know): Indictment No. 09-CR0057

2. (a) Date of the judgment of conviction (if you know): 05/27/2011

   (b) Date of sentencing: 05/27/2011

3. Length of sentence: Thirteen (13) years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Robbery in the First Degree (KRS 515.020), Persistent Felony Offender in the Second Degree (KRS 532.080.)

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Kentucky Court of Appeals

(b) Docket or case number (if you know): 2011-CA-000985-MR

(c) Result: Affirmed (Opinioin rendered May 24, 2013)

(d) Date of result (if you know): 05/24/2013

(e) Citation to the case (if you know): None (unpublished)

(f) Grounds raised: 1. Unconstitutional nature of KRS 532.055 ("Truth in Sentencing statute) to penalty phase of trial.

2. Violation of right to Speedy Trial (under both USCA VI and Section 14 of Ky Constitution.)

3. Failure to exclude prejudicial evidence (KRE 401 and KRE 403.)

4. Failure to strike prejudical commentary in closing argument.

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: Kentucky Supreme Court

(2) Docket or case number (if you know): 2013-SC-0393

(3) Result: Motion for Discretionary Reviewed dismissed (failure to comply with procedrual requirements (i.e., motion copies, notice to AG.)

(4) Date of result (if you know): 10/16/2013

(5) Citation to the case (if you know): None (unpublished)

(6) Grounds raised: Same grounds as noted in appeal No. 2011-CA-000985-MR.

(h) Did you file a petition for certiorari in the United States Supreme Court? ❒ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ❒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Kentucky Court of Appeals

(2) Docket or case number (if you know): 2014-CA-1145

(3) Date of filing (if you know): 07/16/2014

(4) Nature of the proceeding: Appeal of denial of petition for expungment/accquital

(5) Grounds raised: 1. Unconstitutional application of KRS 532.055 (under state (Sec. 14) and federal (USCA VI) constitutional grounds.)

2. Ineffective asssitance of trial counsel (RCr. 11.42)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ☑ No

(7) Result: Dismissed (failure to show cause re: interlocutory nature of appeal)

(8) Date of result (if you know): 10/22/2014

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Kentucky Supreme Court

(2) Docket or case number (if you know): 2014-SC-0370

(3) Date of filing (if you know): 07/09/2014

(4) Nature of the proceeding: Motion for Discretionary Review

(5) Grounds raised: Same grounds as noted in appeal No. 2011-CA-000985-MR as stated in a Motion for Enlargement of TIme to File Discretionary Review Petition.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: Denied

(8) Date of result (if you know): 09/24/2014

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Kentucky Court of Appeals

(2) Docket or case number (if you know): 2019-CA-0131

(3) Date of filing (if you know): 01/24/2019

(4) Nature of the proceeding:

(5) Grounds raised: 1. Unconstitutionality of KRS 532.055 ("Truth in Sentencing statute) to penalty phase of trial.

2. Ineffective assistance of trial counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ☑ No

(7) Result: Trial court ruling affirmed

(8) Date of result (if you know): 02/07/2020

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ❒ No

(2) Second petition: ☑ Yes ❒ No

(3) Third petition: ❒ Yes ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

The Kentucky Supreme Court previously denied discretionary review of groudns 1 and 2 in its denial in Action No. 2013-SC-0393.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Unconstitutional adoption and application of KRS 532.055's "Truth in Sentencing" statute to the Petitioner's Breckinridge County conviction.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner receiveed a substantially-longer sentence recommendation and PFO enhancement as a result of the petit jury and trial court's consideration of specific information and evidence about the Petitioner's criminal history during the penalty assessment phase of his trial. The Petitioner beliees that the penalty assessment shold have only considered presentation of evidence of the incidents underlying the indictment.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Expungment

Name and location of the court where the motion or petition was filed: Breckinridge CountyCircuit Court 280 South Main Street-Ste 212, Hardinsburg, KY 40143.

Docket or case number (if you know): 09-CR-0057

Date of the court's decision: 06/24/2014

Result (attach a copy of the court's opinion or order, if available): Denial of Petition

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentgucky Court of Appeals 360 Democrat Drive, Frankfort, KY 40601

Docket or case number (if you know): 2014-CA-1145

Date of the court's decision: 10/22/2014

Result (attach a copy of the court's opinion or order, if available): Dismissed (as listed above.)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Appeals as Listed above.

**GROUND TWO:** Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's trial counsel failed to request and secure an independent mental competency evaluation prior to trial. This failure encumbered both a potential defense and mitigation of guijlt/penalty. Trial counsel also failed to secure an admonition or move for mistrial following the impropr closing argument commentary of the prosecutor regarding pre-trial plea negotiations.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion to Vacate Plea (RCr. 11.42)

Name and location of the court where the motion or petition was filed: Breckinridge County Circuit Court (address listed above.)

Docket or case number (if you know): 09-CR-0057

Date of the court's decision: 12/11/2018

Result (attach a copy of the court's opinion or order, if available): Motion to Vacate denied.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kenucky Court of Appeals

(address listed above.)

Docket or case number (if you know): 2019-CA-0131

Date of the court's decision: 02/07/2020

Result (attach a copy of the court's opinion or order, if available): Trial court opinion affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why: ____________________

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why: ____________________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______________________

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ❒ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: A Petition for Discretionary Review has not been filed for review by the Kentucky Supreme Court of Ground No. 2.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ❒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. Anglin v. Kentucky Governmental Branches, et. al., Action No. 3:11-CV-406-JHM (filed 08/23/11.) The Petition raised the issue of the unconstitutional application of KRS 532.055 to the penalty phase of the Petitioner's state conviction.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❒ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: Hon. Alec Stone, Esq., 469 E. Broadway, P.O. Box 487, Brandenburg, KY 40108 and Hon. Rick Hardin, Esq., P.O. Box 129, 138 Courthouse Square, Hardinsburg, KY 40143.

(c) At trial: Mr. Stone (as listed,) and the Hon. Jason McGee, Esq., Department of Public Advocacy - Midtown Building, 920 Frederica Street, Ste 1006, Owensboro, KY 42301.

(d) At sentencing: Mr. McGee, as listed.

(e) On appeal: Hon. Angela Cordery ,Esq., Department of Justice & Public Safety 125 Holmes Street - 2nd Floor, Frankfort, KY 40601

(f) In any post-conviction proceeding: Hon. Maureen Sullivan, Esq.,Home Life Building - Ste. 1700 239 South Fifth Street, Louisville, Kentucky 40202.

(g) On appeal from any ruling against you in a post-conviction proceeding: Ms. Cordery, as listed above.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☑ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Hardin County Circuit Court, Hardin County Justice Center, 120 East Dixie Highway, Elizabethtown, Kentucky 40160. Indictment No. 07-CR-00157.

(b) Give the date the other sentence was imposed: 02/15/2008

(c) Give the length of the other sentence: Thirteen (13) years.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The Petitioner has sought multiple post-convication reviews of the present action. In the present case the unconstitutional nature of KRS 532.055 was tacitly acknowleged by the Kentucky Supreme Court. Notwithstanding this acknowledgement, the trial court applied and the Kentucky Department of Corrections continues to apply the enforce an unconstitutinal sentence. The harm to the Petitioner is on-going and continuance. The final Kentucky state court review of the grounds included in this action.

becomes final on February 17, 2021. The instante Petition is being filed on the date of finality.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacate the judgemnet of convication owing to Ground No. 2, and to vacate the penalty imposed under Ground No. 1.

or any other relief to which petitioner may be entitled.

/S/ RAMON MCGEE

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __________ (month, date, year).

Executed (signed) on __________ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Attorney at Law representing the Petitioner